NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1089

ELIZABETH LANDRY

VERSUS

DANIEL K. ABRAHAM, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-4418
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

REVERSED AND RENDERED.

Cameron B. Simmons
Attorney at Law
P. O. Drawer 232
Jeanerette, LA 70544
(337) 276-6034
Counsel for Plaintiff/Appellant:
        Elizabeth Landry

George R. Privat
Hurlburt, Privat & Monrose
P. O. Drawer 4407
Lafayette, LA 70502
(337) 237-0261
Counsel for Defendant/Appellee:
        U. S. Agencies Casualty Insurance Company

**Daniel K. Abraham**
**In Proper Person**
**210 Paradise Street**
**Lafayette, LA 70501**

**Wilbert S. Abraham**
**In Proper Person**
**633 W. 28th St.**
**Norfolk, VA 23508**

**DECUIR, Judge.**

Elizabeth Landry filed suit against Daniel Abraham and U.S. Agencies Casualty Insurance Company, Inc., her uninsured motorist carrier, following an automobile accident on August 19, 2004 in Lafayette. Landry was rear-ended by Abraham, an uninsured motorist. At the close of a bench trial, the court found in favor of Landry and against Abraham and awarded $2,000.00 in general damages, $2,126.02 in medical expenses, and $500.00 for her property damage deductible. Having made an unconditional tender of $6,952.00 prior to trial, U.S. Agencies was dismissed with prejudice. The court ordered that both the expert witness fee of $750.00 and court costs be shared equally by the plaintiff and the defendant, Abraham. For the following reasons, we reverse.

The plaintiff is a longtime chiropractic patient who was in three automobile accidents prior to the one at issue herein. She has a history of back pain and knee problems for which she has sought treatment for years. At the time of the accident, Landry was taken to the hospital by ambulance and was evaluated and given medication for pain. She sought further treatment from her chiropractor who diagnosed a new soft tissue injury in the neck as well as an aggravation of her pre-existing conditions. The chiropractor, Dr. Virgil Bryant, changed the treatment regimen from what was being done prior to the accident and increased the frequency of Landry's visits for approximately four months. At that time, Dr. Bryant released Landry, and she returned to the maintenance or routine office visits that she had made prior to this accident.

The parties stipulated to liability and UM coverage prior to trial. The parties also agreed that Landry's medical bills totalled $4,252.04 and included charges for transportation by ambulance, the emergency room visit, prescription medications, and chiropractic treatment, although U.S. Agencies disputed the causal relationship

between the chiropratic bills and the accident. The amount of general damages was likewise disputed.

After hearing the plaintiff's and her husband's testimony at trial and reading the deposition testimony of Landry's treating chiropractor, the trial court ruled that half of Landry's stipulated post-accident medical expenses were necessitated by the accident. Therefore, the trial court awarded as special damages half of the chiropractic bills, but also only half of the ambulance, emergency room, and medication charges for a total of $2,126.02. The court awarded general damages of $2,000.00 and ordered that court costs and expert witness fees be split between the plaintiff and the defendant driver.

The evidence in the record before us reveals manifest error in the decision rendered by the trial court. First, with regard to the ambulance and emergency room charges, there is nothing in the record to suggest that Landry sought emergency transportation (at a cost of $867.00) and care (at a cost of $171.04) for anything other than the trauma caused by the rear-end collision. Therefore, those items of special damages should have been awarded in full. Regarding the chiropractic bills of $3,214.00, the uncontroverted testimony of the treating chiropractor shows that Landry sustained a new injury in the neck and aggravated previous injuries for which she was already being treated. As a result of the accident, Landry required more frequent visits (approximately twenty visits over a four month period, rather than monthly routine visits) and a different treatment regimen. Accordingly, the full cost of that treatment should have been awarded by the trial court.

The general damages awarded by the trial court also show an abuse of discretion. While it is true that Landry's injuries can be described as minor, it is likewise true that her complaints of pain while walking and sewing are well-

2

documented in the record and were not disputed. When balanced against the objective findings of the treating chiropractor, the credibility concerns of the trial court are negligible. Accordingly, we believe the lowest amount which would reasonably compensate Landry for the pain and suffering resulting from her four month injury is $4,000.00.

As the damages awarded this day exceed the amount tendered to the plaintiff prior to trial by U.S. Agencies, the dismissal of U.S. Agencies must be reversed.

For the above and foregoing reasons, the judgment of the trial court is reversed. Judgment is hereby rendered in favor of Elizabeth Landry and against U.S. Agencies and Daniel Abraham in the amount of $8,252.04, plus all expert witness fees and costs of court, subject to reduction by the amount previously paid by U.S. Agencies. Judgment is further rendered against Daniel Abraham in the amount of $500.00, representing the plaintiff's property damage deductible. Costs of this appeal are assessed to U.S. Agencies.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3